Dewey v. Bobbitt.

---

W. H. Dewey, *Appellant,* v. R. L. Bobbitt, *Appellee.*

No. 16,789.

HEADNOTE BY THE REPORTER.

1. INSTRUCTIONS—*Sufficient in the Absence of a Request.* Instructions held sufficient in the absence of a request for anything more definite.

2. —— *Estoppel—Theory of the Case.* Where a party recognized by requests for instructions that there was evidence upon which to apportion the consideration for a transaction, he could not successfully contend to the contrary on appeal.

Appeal from Sedgwick district court. Opinion filed April 8, 1911. Affirmed.

*W. P. Campbell,* and *M. C. Freerks,* for the appellant.

*John W. Adams,* and *George W. Adams,* for the appellee.

*Per Curiam:* By the use of the words "the amount due the plaintiff, if any," in the eighth instruction, and by the use of a similar expression in the ninth instruction, the court evidently intended to follow the decision of this court on the former appeal. (*Dewey v. Bobbitt,* 79 Kan. 505.) The plaintiff asked for nothing

more explicit, although a mere suggestion to the court would have been enough if the plaintiff believed it was departing from the former decision. Under these circumstances the instructions referred to will be regarded as sufficient. In any event, neither the abstract nor the brief anywhere shows that the plaintiff's claim amounts to a greater sum than that which the evidence warranted the jury in allowing the defendant, so that prejudicial error is not made to appear with sufficient certainty to require a reversal.

There was ample evidence upon which to apportion the consideration for the defendant's purchase. The plaintiff himself recognized this fact in his requests for instructions to the jury. The greater part of his argument now is contrary to this theory, and consequently is not well founded.

The defendant was entitled to interest upon the value of the property which was not delivered to him. Nothing else argued in the brief requires a third trial of this action, and the judgment of the district court is affirmed.