No. 18,597.

BERT MCCLINTICK, *Appellee,* V. MORRIS PYLE,
*Appellant.*

SYLLABUS BY THE COURT.

AGENCY — *Action for Commission — Instructions — "Procuring"*
*Cause of Sale.* Where the jury are told that in order to be
entitled to a commission a real-estate agent must have been
the "procuring" cause of a sale, it is not material error to re-
fuse to instruct that he must have been the "efficient" and
"proximate" cause.

Appeal from Coffey district court; FREDERICK A.
MECKEL, judge. Opinion filed January 10, 1914. Af-
firmed.

*John C. Nipp,* of Kansas City, Mo., and *J. M. Pleas-*
*ant,* of Burlington, for the appellant.

*Henry E. Ganse,* of Emporia,. for the appellee.

The opinion of the court was delivered by

MASON, J.: Bert McClintick sued Morris Pyle for a
real-estate commission and recovered a judgment, from
which an appeal is taken.

Complaint is made of the refusal of several instruc-
tions. Two were to the effect that the plaintiff had the
burden of proving that his acts were the "efficient and
procuring," "procuring or inducing" cause of the sale;
that it was not enough to show them to have been a part
of the chain of causes. The court instructed that there
could be no recovery unless the plaintiff was the pro-
curing cause of the sale. This sufficiently covered the
point involved.

An instruction was given that a recovery could be
had either upon an express or upon an implied agree-
ment. The appellant urges that the evidence did not
warrant the latter. The jury found specifically that

there was an express agreement, and therefore the error, if any, was cured.

Complaint is also made of the refusal to submit three special interrogatories asked by the defendant, as follows:

"What, if anything, did plaintiff do as such agent to sell said farm to E. W. Barker?

"Was plaintiff the efficient, proximate and procuring cause of the sale of the farm in question to E. W. Barker?

"Is it not a fact that E. W. Barker only talked to plaintiff as a friend?"

The first of these perhaps called for evidence rather than the ultimate fact, and the court was within its discretionary right in refusing it. (*S. K. Rly. Co. v. Walsh,* 45 Kan. 653, 26 Pac. 45.) The second was covered by a finding that the plaintiff was the "procuring" cause of the sale. The third was objectionable because of its negative and leading form. (*A. T. & S. F. Rld. Co. v. Butler,* 56 Kan. 433, 43 Pac. 767.)

Several questions asked upon cross-examination were ruled out, but the discretion of the court in this regard was not abused. The plaintiff's wife was allowed to testify that her husband wrote a letter which he told her was to the defendant, but the evidence does not appear to have been prejudicial.

The judgment is affirmed.