No. 18,946.

E. E. GRIMES, *Appellee,* v. ROLLA C. EMERY, *Appellant.*

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. SALE OF REAL ESTATE—*Commissions—Fact for Jury.* The question whether a real-estate agent is the procuring cause of the sale of a farm is one of fact to be determined by the jury in the light of all the circumstances leading up to the final negotiations between the vendor and purchaser.

2. SAME—*Demurrer to Plaintiff's Evidence—Properly Overruled.* Emery listed his farm for sale with Grimes on November 1, 1911; Grimes called several times on Kline, seeking to sell him the farm; on February 13, 1912, Emery had a conversation with Grimes in which he said he might cut the price for an immediate sale; Grimes told Emery that he had a man north of Ada (meaning Kline), who might buy, but did not tell who the prospective purchaser was; on February 15, 1912, Grimes saw Kline, and again solicited him to buy, and to go and look at the farm; Kline said he wanted to look at some other lands first, but tacitly agreed to go; on April 12, 1912, Kline called on Emery, seeking to buy the farm, and, after being assured by Kline that no real-estate agent had sent him, Emery, without further inquiry, sold the farm to Kline. *Held,* that it was not error to overrule a demurrer to the evidence on the point that Grimes was the procuring cause of the sale in an action by Grimes to recover a commission for his services.

3. SAME — *Trial — Instructions — Not Prejudicially Erroneous.* Where the instructions taken together define the law with substantial accuracy, and no special instruction is asked covering some controverted point in the evidence, reversible error can not be predicated upon one instruction, not inherently misleading, when it is supported, amplified and explained to the jury by the other instructions.

Appeal from Ottawa district court; DALLAS GROVER, judge. Opinion on rehearing filed March 6, 1915. Reaffirmed. (For original opinion, see 92 Kan. 911, 141 Pac. 1002.)

*David Ritchie,* and *G. A. Spencer,* both of Salina, for the appellent.

*E. C. Sweet,* of Minneapolis, for the appellee.

The opinion of the court was delivered by

·DAWSON, J.: This was. an action to recover an agent's commission on the sale of one hundred sixty acres · of land in Ottawa county, Kansas. About November 1, 1911, Rolla C. Emery, the appellee, called on E. E. Grimes, a real-estate agent in Minneapolis, the county seat of that county, and listed his farm of two hundred and twenty acres for sale at $75 per acre, upon a commission of five per cent on the first $1000 and two and one-half per cent on the balance. ·Several times during the winter of 1911-'12. Grimes called upon one John Kline, who lived two and a half miles north of Ada in the same county, seeking to interest Kline in the Emery farm. Sometime during the winter Emery sold sixty acres of his farm to another ·purchaser; and on February 13, 1915, Grimes and Emery met in Minneapolis and had a conversation, as testified by Grimes:

"I said to Mr. Emery 'I notice you have sold a part of your land' and he said 'yes' and now I says, 'I believe I can bring a man from north of Ada that can handle that· land at this· time, I think you have got it down to where he can handle it,' and I said 'Would you do any better than $75.00 an acre on this land?' and he said 'if you could sell this land right away, he would do some better than that' and I told Mr. Emery that I would go right out and see the party within a day or two, as soon as I could get away, I told him if he thought we could make satisfactory terms, and he said he thought he could."

Grimes also testified that Kline promised to "go and look at the land when he could get away."

Grimes' testimony continues:

"A. On the 15th of February I went to see Mr. Kline and I saw him and told him that Mr. Emery had sold 60 acres of this land leaving 160, and that Mr.

Emery told me that if he could sell it right away, he would do a little bit better than $75.00 an acre, and I told Mr. Kline that I couldn't give him the definite price that the price that was given to me was $75.00 per acre, but I told him what Mr. Emery had said.

"Q. What did you tell him? A. I told him that Mr. Emery had said that he would do a little bit better if he sold it soon, and I told him that Mr. Emery had said that the terms would be made so that he could handle it."

On April 12, 1912, Kline went to see the Emery farm and bought it for $11,200. Before closing the deal, Emery asked Kline if any real-estate dealer had told him about the land and Kline answered in the negative.

Grimes sued Emery and recovered his commission on the sale of the farm. Emery appeals and complains (1) of error in overruling the demurrer to plaintiff's evidence, and (2) error in the court's instructions.

Was there sufficient evidence that the sale was brought about in whole or in part by the agency of Grimes? Grimes testified that it is not a custom among real-estate dealers to let their principals know what possible purchasers they have in view. Doubtless that is a precaution of the real-estate dealer's art begotten by the precarious ties which hold the principal and agent in real-estate transactions. We do not intimate that the law will countenance such a limitation of an agent's duty in real-estate sales. (31 Cyc. 1450.) Here this questionable custom makes the difficulty in fixing liability upon Emery for his commission.

Conceding that both Grimes and Emery were acting in the best of faith, one of them must lose; and it is but just that the one who failed to guard his interest should be the loser rather than the one in whom is no fault. If Grimes had told Emery about Kline as the prospective purchaser whom he was trying to interest in the farm Emery would have been liable for the commission when the sale was effected. If Emery had

called up Grimes by telephone this controversy might have been avoided. But under all the circumstances, the question whether Grimes was the procuring cause of the sale of the farm was properly a jury question and it was not error to overrule the demurrer to the evidence.

The court instructed the jury as follows:

"3. If you find and believe from the evidence, by a preponderance thereof, that at the time mentioned in plaintiff's petition, the defendant, Rolla C. Emery was the owner of the real estate described in plaintiff's petition, that he listed the same with the plaintiff for sale, that said Emery sold the said property to one John Kline, and that this plaintiff was the procuring cause of said sale, then it will be your duty to find your verdict for the plaintiff.

"4. The jury are instructed that one is the procuring cause of a sale of real estate when, through his efforts, the seller and buyer are brought together and a sale of the real estate is effected.

"5. The jury are instructed that where a real-estate agent, under contract with the owner, calls attention of a prospective buyer to land and through the efforts of such agent a sale is consummated, such agent is entitled to his commission, though the purchaser when solicited by the agent to buy was not ready, willing and able to purchase.

"6. Where a real-estate agent, with whom land is listed for sale calls the attention of a purchaser to the land, giving him a description of the same and the name and residence of the owner, and the owner afterwards sells the real estate to the purchaser at a less price than the agent was authorized to sell for, the agent can recover his commission on the amount received for the real estate by the owner, but such agent must be the procuring cause of the sale of such real estate."

Counsel for appellant severely criticises the fifth instruction. Standing alone it is somewhat unsatisfactory but when read in connection with the instructions which precede it it can not be said to be erroneous. An examination of the leading Kansas cases

for the last forty years will show how liberally the law of this state deals with real-estate agents.

In *Gillett v. Corum,* 7 Kan. 156, it was held that:

"An agent employed to sell real estate, and finding a purchaser, and bringing him and his principal into communication, and setting on foot negotiations which result in a sale, can not be deprived of his right to compensation by a discharge prior to the consummation of the sale." (Syl. ¶ 2.)

In *Ratts v. Shepherd,* 37 Kan. 20, 14 Pac. 496, it was held that:

"Where a real-estate agent advertises land, calls the attention of a purchaser to it, directs him to the home of the owner, with a description of the premises, and the owner completes the sale at a less price than the agent was authorized to sell for, the agent can recover his commission on the amount received by the owner." (Syl.)

In *Dreisback v. Rollins,* 39 Kan. 268, 18 Pac. 187, it was held:

"A broker employed to sell lands, or to find a purchaser for them, who brings and introduces a buyer to the owner, and starts negotiations between them, which result in a sale, is entitled to his commission, although he is not present during the negotiations and until the completion of the sale." (Syl. ¶ 1.)

In *Plant v. Thompson,* 42 Kan. 664, 22 Pac. 726, it was held:

"It is sufficient to entitle real-estate agents to their commission if a sale is effected through their agency as its procuring cause, although the sale may be made by the owners of the property, if by their exertions the purchaser and owner are brought together, and the sale results therefrom." (Syl. ¶ 1.)

In that case it was also held:

"The owners of land can not evade all liability of paying their agents' commissions for the sale of land for the reason they sold for a sum less than the price given their agents to sell, where the reduction is made of their own accord and to escape payment of the com-

45—94 KAN.

missions, when the agents were the means of bringing the owners and purchasers together, and the sale resulted therefrom." (Syl. ¶ 2.)

In *Marlatt v. Elliott,* 69 Kan. 477, 77 Pac. 104, it was said:

"It is sufficient to entitle a real-estate agent to recover his commission for the sale of land that he, under a contract with the owner thereof, has been the procuring cause of such sale. He need not have conducted it to a final and successful conclusion." (Syl. ¶ 1.)

Compare the next paragraph with the instruction complained of:

"If a real-estate agent, under a contract with the owner, call the attention of a prospective buyer to the land of such owner, and thereafter, moved by the efforts of such agent, the proposing buyer and the owner consummate the purchase and sale of such real estate, the agent is entitled to his commission, even though the purchaser, at the time the agent solicited him to buy, was not ready, willing and able to purchase." (Syl. ¶ 2.)

In *Sandefur v. Hines,* 69 Kan. 168, 76 Pac. 444, it was said:

"A broker employed to sell land is entitled to his commission when he is the procuring cause of a sale and has produced a buyer who is ready, willing and able to pay the agreed price and to consummate the sale." (Syl. ¶ 1.)

A late case which clearly states the law and collates the authorities is *Beougher v. Clark,* 81 Kan. 250, 106 Pac. 39. *Kluber v. Shannon,* 83 Kan. 790, 112 Pac. 625, was a case which went off on a conflict of testimony as to whether the sale was procured by the agent or by the independent efforts of the owner. *Weigand v. Knight,* 89 Kan. 807, 132 Pac. 1006, was a controversy as to whether a sale of real estate was effected by negotiations put on foot by the agent or whether the owner had made the sale himself unaided by such negotiations. (See, also, *Lyman v. Wagner,* 90 Kan.

Grimes v. Emery.

12, 132 Pac. 988; *Hutton v. Stewart,* 90 Kan. 602, 135 Pac. 681; *McClintock v. Pyle,* 91 Kan. 393, 137 Pac. 788.)

The sixth instruction is also criticised, but in the light of the foregoing citations and when considered with its context it is not erroneous. Appellant had the right, if he thought the instructions did not fully cover the issues, to ask for an instruction giving his precise view of the law as applied to the facts developed by the evidence. (*Dewey v. Bobbitt,* 84 Kan. 663, 114 Pac. 865.)

The judgment is reaffirmed.

MASON, J. (dissenting) : The rule that a real-estate agent is entitled to a commission if he is the procuring cause of a sale is not absolutely universal. He may forfeit by misconduct the right he would otherwise have to recover. Here the defendant's chief contention appears to have been that the plaintiff did not treat him fairly, and by unjustifiably concealing the fact that Kline was his customer, caused the defendant, without fault on his part, to suppose that if he sold to Kline he need pay no commission. I think that if this contention was well founded in fact it constituted a defense, and the evidence made that question one to be determined by the jury. I also think it was material error not to give an instruction concerning this phase of the matter —it being the principal subject of controversy—even although none was formulated by counsel.

Justices BURCH and PORTER join in this dissent.