No. 22,784.

THE STATE OF KANSAS, ex rel. CECIL BROWN, *Appellee*, v. PAUL LYONS, *Appellant*.

### SYLLABUS BY THE COURT.

1. ILLEGITIMATE CHILDREN—*Motion to Vacate Money Judgment—Minor Defendant—Appointment of Guardian ad Litem.* On a motion to vacate a money judgment against a minor in a bastardy proceeding, the trial court's finding that no formal request was made for the appointment of a guardian *ad litem* is conclusive on appeal when such finding is based upon positive though controverted evidence.

2. SAME—*Second Appeal—Matters Reviewable.* When a cause is tried and determined in the trial court, and is appealed to the supreme court on such assignment of errors as the appellant chooses to present, none of the matters considered by this court, or which this court could have considered if then presented, will be reviewed on an appeal from a subsequent ruling of the trial court on a motion to vacate the judgment, when to do so would be tantamount to the granting of a rehearing on the original appeal a year after the supreme court had fully and finally disposed of it.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed May 8, 1920. Affirmed.

*Fred Robertson,* of Kansas City, *S. D. Bishop,* and *Ord Clingman,* both of Lawrence, for the appellant.

*Richard J. Hopkins,* attorney-general, and *J. B. Wilson,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal questions the correctness of a judgment overruling a motion to set aside a money judgment in a bastardy case which had been rendered against a minor for whom no guardian *ad litem* had been appointed.

In a bastardy proceeding, Paul Lyons, a lad of seventeen years, had been adjudged to pay the sum of $1,200 towards the support of an illegitimate child begotten by him when he was sixteen years old. That judgment was rendered in the district court of Douglas county, and affirmed by this court. (*The State, ex rel., v. Lyons,* 104 Kan. 702, 180 Pac. 802.)

Afterwards, the defendant, by his father and next friend, filed a motion to vacate the judgment, on the ground—

"That on or about the 15th day of November, 1917, at the regular November term of the above court, the foregoing cause came on for trial, and the testimony produced at the trial disclosed that the said Paul Lyons was at that time a minor of the age of seventeen years, he arriving at the age of seventeen on the 8th day of August, 1917.

"That when said above cause was called for trial and before a jury had been impaneled therein, the defendant, Paul Lyons, by his attorneys, requested the court to appoint a guardian *ad litem,* to defend said cause on his behalf, but the court refused to make such appointment, and said cause was fully tried and final judgment rendered therein without a guardian *ad litem* being appointed to represent and defend the minor defendant, Paul Lyons."

This motion was supported by evidence consisting of parts of the files, transcript and record in the principal case, together with affidavits of two attorneys who had been of counsel for Lyons during his trial. The clerk of the court and the mother of the defendant testified orally. This evidence showed that no guardian *ad litem* was appointed. (That matter is not in dispute.) The defendant's evidence also tended to show that one of defendant's attorneys, when the case was called for trial, stated in open court—

" 'The defendant here is a boy about seventeen years old and it looks to me as though a guardian *ad litem* should be appointed to conduct

his defense,' and the court replied in substance 'I don't believe it is necessary.' "

To resist this motion, the county attorney who officially prosecuted the case for the relatrix filed his affidavit:

"That he was present at and took an active part in said trial throughout every step therein; that the defendant either in person or by counsel did not at any time since the filing of said action request the court to appoint a guardian *ad litem* for the defendant herein."

The trial court overruled the motion to vacate, and the defendant appeals.

So far as this controversy involves a disputed question of fact, the matter is foreclosed by the trial court's determination of it. It cannot avail that this court, if sitting as triers of fact, having familiar personal acquaintance with some of defendant's attorneys, might be inclined to give implicit credence to their sworn testimony. The state's attorney, whose sworn evidence traversed the facts testified to by defendant's counsel, is also known by this court to be an honorable and trustworthy man. In the rivalry and bustle which often attend the conduct of a stoutly contested lawsuit, it is not very unusual for opposing counsel to disagree as to some of the incidents which transpire in the course of a trial. In this case, while the trial judge's own recollection of the matter was perhaps not competent (*Emery v. Bennett,* 97 Kan. 490, 494, 155 Pac. 1075) — for he was not certain as to the accuracy of his memory, and he could not both be witness and judge, and it would be very unseemly, indeed unthinkable, to subject him to cross-examination—his memory of the incident was as follows:

"Some time early in the trial of this case Mr. Robertson approached my desk, passing it by, not facing it, but passing in front of me, and said in a low tone of voice, 'This defendant is a minor.' And then said in substance, I wouldn't undertake to repeat his exact language, but the substance of it was that 'We are neither waiving anything nor asking it.' "

Here, then, is a triangular dispute as to a question of fact— that it did happen, that it did not happen, and that something pertinent though different did informally happen. This court cannot resolve such a dispute. That is the function of the trial court. (*Bruington v. Wagoner,* 100 Kan. 439, 164 Pac. 1057.) Moreover, if the trial judge had been positive as to the accuracy of his own recollection of the incident, his personal

knowledge would have been equivalent to evidence. (*Christisen v. Bartlett,* 73 Kan. 401, 403, 84 Pac. 530, 85 Pac. 594.)

In view of the foregoing, this court is bound to treat the matter as if the request for the appointment of a guardian *ad litem* had not been made.

The defendant urges that a minor cannot be tried and subjected to a money judgment in a bastardy case without the appointment of a guardian *ad litem*. However, a majority of the court forbid the consideration of that question now, upon the ground that it was fully considered and determined when the case was here on appeal, and that to permit it to be considered in this proceeding would be tantamount to the granting of a rehearing in a cause fully and finally decided a year ago.

Affirmed.