No. 22,782.

H. E. OSBURN, *Appellee*, v. L. MOORE, *Appellant*.

SYLLABUS BY THE COURT.

1. REAL-ESTATE AGENT—*Land Sold—Who was the Proximate Procuring Cause of the Sale—Question of Fact.* Where an agent employed to find a purchaser for real estate obtains an offer on the prescribed terms and reports it to his principal, who tells him he has already negotiated a sale to other persons but that if it falls through the agent can go ahead with his deal, and within a few days thereafter the owner without the knowledge of such agent sells to the same prospect upon his being brought to him by another agent, to whom he pays the commission, the first agent, if he was otherwise to be regarded as the proximate, efficient and procuring cause of the sale, is not barred from a recovery of his commission by the fact that he did not bring his customer to his principal and introduce them.

2. SAME—*Trial—Instructions.* It is held that no error was committed in the giving or refusal of instructions.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed December 11, 1920. Affirmed.

*John W. Adams,* and *William J. Wertz,* both of Wichita, for the appellant.

*Earl Blake, W. A. Ayres, C. A. McCorkle, W. A. Blake* and *W. H. Jones,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: H. E. Osburn recovered a judgment for a real-estate agent's commission from L. Moore, who appeals.

· The evidence tended to show these facts: The defendant listed a farm with the plaintiff, who showed it to C. L. Ashford, interesting him in its purchase. Ashford made several offers somewhat under the price asked, but finally agreed to pay the full amount. The plaintiff reported these offers to the defendant, giving the name of the prospect. The defendant told him that he had already sold the land to buyers in Lindsborg, but if anything happened to prevent that sale going through the plaintiff could go ahead and deal with his customer and receive the commission. The sale to the Lindsborg people fell through, but it does not appear that any notice of this was given to the plaintiff. A few days after his talk with the plaintiff, the defendant sold the farm to Ashford, upon his being brought to him by other real-estate agents, who were paid the commission.

1. The defendant contends that his demurrer to the plaintiff's evidence should have been sustained for want of a showing that the plaintiff took the purchaser to Moore and introduced him, or that the plaintiff ever gave the defendant the name of his prospective purchaser. It appears to be true that when the plaintiff rested no evidence had been given that he had told the defendant that Ashford was the man who had made the offers and to whom he was trying to make a sale. But the defendant himself testified that such was the case and the omission was thus supplied as effectively as though the plaintiff had introduced the evidence. (*Goddard v. Donaha,* 42 Kan. 754, 22 Pac. 708.) The language of the defendant on this point is shown by the following extract from his cross-examination:

"Q. Did he [the plaintiff] tell you about a purchaser more than once? A. He mentioned about having Mr. Ashford lined up on the deal.

"Q. When did he first mention that? A. I suppose when he called on me. I don't know how long it was before he brought him.

"Q. If he showed the place to Mr. Ashford on the 28th of March then he must have told you about his purchaser, Mr. Ashford, between that and the date you sold to Mr. Ashford; isn't that correct? A. I suppose he did."

There is a possibility that the defendant meant to say merely that the plaintiff told him he had a purchaser, and that in giving his testimony he referred to the purchaser as Mr. Ashford because he had learned afterwards that Ashford was the man who had made the offer to the plaintiff. But the language is open to the other interpretation and it was for the jury and the trial court to decide what was intended. Moreover the defendant also testified that he knew the plaintiff had dropped the deal with Ashford because Ashford said so—the implication being obvious that the defendant before he made the sale knew that Ashford was the customer about whom the plaintiff had been talking with him.

The mere fact that the plaintiff did not bring Ashford and the defendant personally together—did not introduce them— is not fatal to a recovery. (*Grimes v. Emery,* 94 Kan. 701, 146 Pac. 1135.) There was little reason for his doing so after he had advised the defendant that Ashford was ready and willing to buy and had been told that the matter must await the result of the negotiation with the Lindsborg people.

2. Complaint is made of the giving and refusal of instructions. The jury were told that where two agents are employed to find a purchaser for property and each makes an effort to sell it to the same person the employer is liable for the commission to the one "who is the proximate, efficient and procuring cause of said sale." This submitted the vital issue in the case, and the verdict necessarily implied a finding that the plaintiff met the definition quoted. Other instructions given presented the same test as applied to the particular circumstances. We find no error in them. Of the four requested instructions the rejection of which is complained of, three were probably unobjectionable, but the rules they announced so far as necessary to a fair understanding of the issues were sufficiently covered by the general charge. The fourth included a statement to the effect that if the plaintiff attempted to interest Ashford in the

property but did not succeed in inducing him "to negotiate with the owner" for its purchase, and thereafter the other agents by, their efforts effected a sale, the latter would be entitled to the commission. This would have been likely to be understood by the jury as meaning that the fact that the plaintiff did not bring Ashford to the defendant was fatal to his recovery, and its rejection was proper on that account.

The judgment is affirmed.