City of Oswego v. Condon.

---

No. 27,770.

THE CITY OF OSWEGO, *Appellant,* v. WILBUR H. CONDON and THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, *Appellees.*

(262 Pac. 542.)

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Action on Treasurer's Bond—Evidence Insufficient to Establish Shortage.* In an action to recover from a surety on the official bond of a city treasurer for an alleged shortage in the treasurer's accounts, the record examined, and neither manifest nor demonstrable error is shown in the findings of the referee or in the judgment that no shortage existed.

2. JUDGES—*Disqualification to Act—Expression of Opinion.* Where a trial judge wrote a personal letter to a referee complimenting him on the quality of his report and stating that judgment would be entered thereon in due course, and where the judge dictated a form of journal entry of such final judgment, at which time there were pending certain motions to set aside the referee's findings and for judgment contrary to the conclusions of the referee, of which motions the trial judge was unaware at the time, it is held that this incident did not show that the trial judge had prejudged appellant's motions nor require him to vacate the bench and permit the motions to be heard and determined by a judge *pro tempore.*

Judges, 33 C. J. pp. 1001 n. 76, 1009 n. 53. Municipal Corporations, 43 C. J. p. 731 n. 15.

Appeal from Labette district court; WILLIAM D. ATKINSON, judge. Opinion filed January 7, 1928. Affirmed.

A. D. Neale, of Chetopa, for the appellant.

Elmer W. Columbia, of Oswego, Arthur Miller, Maurice H. Winger and P. E. Reeder, all of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover against the surety on the bond of a city treasurer for a claimed shortage of funds in the treasurer's official accounts.

On issues joined the cause was presented on evidence at length before a referee, who made findings of fact and conclusions of law, all favorable to the defendant. Judgment was entered accordingly, and the city appeals.

The first error urged pertains to the adverse rulings of the court on plaintiff's motions to set aside the findings of the referee and to render judgment in favor of plaintiff upon the "material" findings. To determine the correctness of the rulings on the first of these motions, we have submitted to us an abstract of sixty-three pages and a counter abstract of sixty-eight pages, both of which we have perused with diligent care, but which it would serve no purpose to abridge and reproduce here; and it is not possible for us to say with assurance that the referee's findings lacked support in the evidence or that the trial court erred in sustaining them.

As a general rule it should be said that before a shortage of a public officer's accounts and the extent of such shortage can be determined—and the same rule would apply to any custodian of other people's money—it is necessary to show three specific facts: (1) the amount of money the officer had on hand at the beginning of the accounting period, (2) the amount of money that came into the officer's hands during the period covered by the accounting, and (3) the amounts of disbursements lawfully made by the officer during the accounting period. From these three facts or factors, the amount for which the officer is responsible can be computed, and the shortage, if any, determined. However much work the ascertainment of these factors may entail, without them any accounting is worthless. Here, a most painstaking study of the record fails to disclose the first of these factors with either definiteness or certainty. Indeed, the accounting period itself is not indicated. It cannot be confidently ascertained whether it was for the treasurer's last official

City of Oswego v. Condon.

term or for his entire three and a half terms, or other period covered by his incumbency of the office. Appellant inveighs against certain credits allowed the treasurer because, according to its interpretation of the admittedly muddled accounts, he had been given credit for those items a number of years ago, during one of his earlier official terms. Another insoluble puzzle in this case, which prevents an appellate court from reversing the judgment, is the fact that apparently the city clerk's and city treasurer's official records have been out of balance for years, and apparently they were more nearly in accord at the close of defendant's last official term than they were at the beginning. Moreover, the clerk's records were shown to be inaccurate, partial, and incomplete, and however far from an accurate approximation of the treasurer's accounts was reached by the referee and the trial court, who were the exclusive triers of the facts, it is altogether beyond the functions of this court to make an independent accounting of the fiscal affairs of the city of Oswego to determine the status of the treasurer's accounts. It must suffice to say that no manifest or demonstrable error is disclosed in the findings and they will have to stand.

Touching the so-called "material" findings, plaintiff's motion that it be given judgment thereon was properly denied. The findings, twenty-five in number, were all in accord with the last, which was controlling and conclusive. It reads:

"25th. That on the 6th day of April, 1923, and after the said city treasurer, Wilbur H. Condon, had turned over to his said successor in office the sum of seventeen thousand seven hundred fifty and 83/100 ($17,750.83) dollars, he, the said Wilbur H. Condon, was not and he is not now indebted to the said city of Oswego in any sum whatsoever."

Error is also assigned because of a peculiar incident which arose after the hearing before the referee was concluded, and after his findings of fact and conclusions of law had been reported to the trial court. The referee was A. J. Curran, for many years presiding judge of the Crawford county district court, now retired, and who had been appointed referee pursuant to an agreement of the litigants. On receipt of the referee's findings, the trial judge, Hon. W. D. Atkinson, wrote to Mr. Curran, stating that he had read the referee's report, expressing a compliment on the quality of the referee's work, and stating that judgment thereon would be entered in due course. The trial judge, with his well-known attention to such details, also dictated a stereotyped form of journal entry of

judgment to be signed as soon as the matter of entering judgment was dispatched. Meantime, however, counsel for appellant, who also has a creditable record for diligence and zeal, filed various motions attacking the referee's report; and on the day these motions were to be heard he chanced to discover in the files a carbon copy of the trial judge's personal, complimentary letter to the referee, and the prepared form of journal entry approving the referee's report and decreeing judgment thereon. Counsel for appellant seized on this incident to demand that the trial judge vacate the bench on the ground that he had prejudged the appellant's motions, and moved for the appointment of a judge *pro tempore* to hear and rule on those motions. But of course the trial judge refused to budge. He ruled, "No reason for it, none whatever." He patiently heard appellant's arguments and overruled his motions *seriatim*. Appellant's counsel, with true last-ditch loyalty to his client declines to waive this point, but in his brief we note the following:

"I wish the court to understand that I do not impugn the motives of Judge Atkinson. No one has a higher opinion of Judge Atkinson as a man than myself."

In view of this concession, as well as the trial court's ruling, "No reason for it, none whatever," which was the equivalent of a finding of fact that he was not prejudiced and that he had not intended to prejudge appellant's motions, the existence of which he was unaware of when he dictated what he conceived to be a suitable form of journal entry of judgment, it is quite apparent that no reversible error can be predicated on this incident. A motion to vacate the bench and give place to a judge *pro tempore,* except in cases expressly covered by statute, is largely addressed to the trial judge's conscience, and ordinarily his considered ruling thereon leaves no practical basis of error. (*Bank v. Grisham,* 105 Kan. 460, 473, 185 Pac. 54.)

The record contains no prejudicial error and the judgment is affirmed.