No. 30,745.

C. M. BROTTON, *Appellee*, v. M. THANE DAWSON et al., *Appellants*.

(19 P. 2d 467.)

Opinion filed March 11, 1933.

*Lew E. Clogston*, of Wichita, for the appellants.
*John B. Bryant* and *George G. Cooper*, both of Wichita, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover a real-estate agent's commission, originally filed in the city court at Wichita and appealed to the district court. From an adverse judgment the de-

fendant, Dawson, appeals and assigns as error (1) the overruling of his demurrer to plaintiff's evidence; (2) the giving of erroneous instructions; (3) the overruling of his motion for a new trial; and (4) the rendering of judgment for the plaintiff. In his brief appellant restates the questions involved as, (1) Was Brotton the agent of appellant for the sale or exchange, etc.? (2) Was Brotton the proximate, efficient and procuring cause of the exchange, etc.?

The only pleading filed in the action was plaintiff's bill of particulars, which alleged that defendants were the owners of the real estate involved, and—

"That while defendants were the owners of said lots, and during the month of July, 1930, the defendants listed said lots with this plaintiff for sale or exchange for other real estate, and agreed to pay this plaintiff the regular commission for the sale or exchange of said lots,"

and further, that plaintiff brought about the exchange of said lots for other real estate owned by one Gist; that plaintiff was the procuring cause of said exchange being made, setting up the value of his services; that defendants refused to pay, and praying judgment therefor.

It was held in *Abel v. Hounsom*, 107 Kan. 741, 193 Pac. 355, that an allegation in a petition that plaintiff was employed by defendant to find a purchaser for certain real property owned by him is admitted unless denied under oath, and under the ruling in that case, it is held that the appellant, not having put the question of agency in issue by filing a verified denial, the question of agency was settled.

Whether the appellee was the proximate, efficient and procuring cause of the exchange of properties was a question of fact. The jury saw fit to believe his testimony that he took appellant down to Sloan's farm, that he and Sloan were working together as brokers in selling and exchanging real estate; that appellant's attention was called to the farm for which he later traded and which adjoined Sloan's farm; that he told appellant he had the Gist farm for sale, and that about a month thereafter appellant or his wife told appellee he had traded through Sloan. Appellant contends there is no evidence that appellee ever introduced him to Gist, but that was not necessary. (*Osburn v. Moore*, 108 Kan. 90, 193 Pac. 892; *Grimes v. Emery*, 94 Kan. 701, 146 Pac. 1135.) And he further contends that the evidence of certain other witnesses shows that appellee had nothing to do with the exchange. Whether appellee did

or did not have anything to do with the exchange was a question of fact which has been resolved by the jury in favor of the appellee, and its verdict was approved by the lower court and is conclusive here.

The complaint concerning the court's instructions is based upon the question of agency, but for reasons heretofore stated the pleadings settled that question, and the instructions were correct. The appellant's motion for a new trial was properly denied, and judgment for the appellee against the appellant was properly rendered.

The judgment is affirmed.