## O. M. RATTS v. SHEPHERD, BUCHER & McCOWN.

REAL-ESTATE AGENT; *Recovery of Commission, When.* Where a real-estate agent advertises land, calls the attention of a purchaser to it, directs him to the home of the owner, with a description of the premises, and the owner completes the sale at a less price than the agent was authorized to sell for, the agent can recover his commission on the amount received by the owner. This case distinguished from *Fultz v. Wimer*, 34 Kas. 576.

*Error from Chase District Court.*

ACTION by *Shepherd, Bucher & McCown* against *Ratts* to recover $300, as commission for the sale of a certain farm containing 837 acres. Trial at the December Term, 1885. Verdict for plaintiffs for $283. New trial denied, and judgment on the verdict. The defendant brings the case here. The material facts are stated in the opinion.

*C. H. Carswell,* and *Peyton, Sanders & Peyton,* for plaintiff in error.

*Kellogg & Sedgwick,* and *Bowman & Bucher,* for defendants in error.

Opinion by SIMPSON, C.: The assignment of error to which most of the brief of the plaintiff in error is devoted, is, that there is not sufficient evidence to sustain the verdict of the jury. The facts as proven at the trial are as follows: The defendants in error were in the real-estate business at Emporia. The plaintiff in error was a resident of Chase county, and possessed a farm which he desired to sell. In December, 1884, he placed it in the hands of the defendants in error for sale, at $10,500, and was to pay three per cent. commission in the event they sold it for him. They advertised it in a newspaper, called the attention of the purchaser, Morris, to it, offered to take him to see the premises, directed him to the house of the plaintiff in error, and gave him a copy of the paper containing a description of it. The plaintiff in error sold the farm to Morris for the sum of $9,500, and included in the sale some corn, plows, and feed. The disputed question of fact on the trial, and around which clustered all the contention, was, whether Ratts limited the time within which the sale was to be made to the first day of March, 1885; and there was also a dispute as to the commission which was to be paid, the plaintiff in error contending that he was to receive the sum of $10,500, exclusive of all commission. The evidence was confined to the parties, on these questions, and the

jury very properly, (as it seems to us in view of all the facts,) decided that the statements by the defendants in error gave the true history of the transaction, and returned a verdict in their favor. That verdict is sufficiently supported by the evidence. The defendants in error furnished a purchaser, and sent him to view the land. This resulted in a sale, and is sufficient to entitle them to a commission.

As to the other assignment of error, with reference to the tenth instruction, it may be remarked that the verdict of the jury, sustained by sufficient evidence as we have seen, necessarily determines that there was not a limit of time within which the sale was to be made, as is claimed by the plaintiff in error; and this being so, this case does not come within the rule as laid down by *Fultz v. Wimer*, 34 Kas. 576. In the Fultz case there was a written contract authorizing a sale to be made within two months from the 18th of June, and further providing that if the owner or others should make a sale within that time a commission should be paid the real-estate agent. Within that time Fultz took a purchaser to see the land, and made a contract of sale with him satisfactory to the owner. The sale was negotiated within the time, and the agent applied for and received an extension of ten days, within which to complete it; then a further extension was asked for, and refused. An agent of the purchaser and the owner made a subsequent contract of sale, and Fultz sued for his commission. This court decided that under the terms of the special contract he could not recover. This is not a parallel case. Here the jury found that there was no special contract as to the time within which the sale was to be made, and hence the rule in the Fultz case can have no application.

There is another very material difference in the circumstances of these cases. In the Fultz case the agent not only found the purchaser, but also made the contract, and was personally supervising the details of the purchase. All the owner was doing was to acquiesce in the acts of the agent, and grant a reasonable extension of time for the completion of the contract. In this case the owner was conducting the details of

the sale, and from the indefinite account of the time at which the sale was made, given both by the seller and the purchaser at the trial, it would seem as if the delay in closing the sale was caused by the negligence or fault of Ratts, who no doubt acted with the idea that if the sale was not consummated by the 1st day of March, the commission due the defendants in error would not have to be paid. Even in such a contract as that in *Fultz v. Wimer*, it is expressly declared by the court that where a purchaser is found within the time specified, but delay in closing the sale is caused by the negligence, fault, or fraud of the seller, the agent who finds the purchaser is entitled to the commission. Construing the tenth instruction with reference to the particular facts in the case, we see no error in giving it to the jury; nor do we discover any disagreement between the rule laid down in that instruction and the decision in the case of *Fultz v. Wimer*. They must both be read and construed in the light of the facts and attending circumstances of the cases in which they are used.

In this case we think the evidence warrants the inference that the delay by Ratts in closing the sale to Morris resulted from his belief that, by a postponement of its completion until after the 1st of March, he could escape the payment of a commission to his agents. Indeed, a fair construction of the testimony strongly leads to the belief that the sale had been completed, and part possession of the farm yielded to Morris at the time of Bucher's visit there, on or about the 22d day of February. The verdict of the jury is clearly right, and the seventh and tenth instructions taken together, and considered with reference to the facts proven on the trial, are, to say the least, not misleading, or so prejudicial as to be erroneous.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.