No. 22,339.

S. L. KARR, *Appellee and Appellant,* V. JOHN MOFFETT et al.,
*Appellants and Appellees.*

SYLLABUS BY THE COURT.

1. REAL-ESTATE AGENT—*Commission Not Earned—Evidence.* The evidence examined, and held insufficient to support a cause of action on a special contract for an agent's commission on a sale of real estate.

2. SAME—*Special Contract for Commissions—Ordinary Rule of Right to Commissions Not Applicable.* The ordinary rule that a real-estate agent is entitled to his commission when he procures a purchaser who is ready, willing, and able to buy, or when he brings a buyer and seller together, who make a bargain on different terms than those theretofore dictated to the agent, does not apply where the agent's commission is governed by a special contract between him and his principal.

3. SAME—*Under Special Contract—Commissions Were Not Earned.* The owners of a ranch listed it with an agent for sale at $35 per acre net to them, and stipulated that the agent must procure his commission out of some addition to that price. Later, the owners told the agent, "In the event you could only get a $35 offer on this ranch, it might be that we could adjust some commission." The agent endeavored to interest one Anderson in the ranch, and Anderson promised to consider it. The agent never succeeded in selling the ranch, and never succeeded in obtaining an offer of $35 an acre from Anderson or any other person. Some three months later, Anderson bought the ranch directly from the owners for $35 per acre. The record shows no bad faith or unfair dealing on the part of the owners towards the agent. *Held* that, under the special contract governing the agent's right to a commission, the owners of the ranch were not liable.

Appeal from Chase district court; WILLIAM C. HARRIS, judge. Opinion filed December 6, 1919. Reversed.

*W. L. Huggins, O. T. Atherton,* and *R. E. Boynton,* all of Emporia, for the appellants.

*M. B. Nicholson, W. J. Pirtle, Edwin Anderson,* all of Council Grove, and *W. S. Kretsinger,* of Emporia, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover a real-estate commission on the sale of a cattle ranch in 1917.

The plaintiff is a real-estate dealer in Council Grove. The defendants reside in Missouri, and in 1917 they owned a ranch of some 5,000 acres in Chase and Morris counties.

On June 1, plaintiff wrote to defendants inquiring if their ranch was for sale, and if so, to furnish him with a description of it and their "net cash price." They answered at once, giving description, and quoted him a price of $35 per acre. Plaintiff replied:

"I should judge by your letter that the price of $35 per acre was a price you would be willing to pay the usual 2½ per cent commission out of. If not, state so."

This brought a rejoinder from defendants:

"We are pricing the ranch at $35 per acre net to us, so you would have to get your commission on the outside of this, possibly you could price it at $36, or $35.50."

On July 3, plaintiff wrote—

". . . . I was out to Burdick to-day to see E. T. Anderson. Also William Atkinson to try and get one of them to take hold of it. Atkinson talked very favorable. The war proposition is worrying him. . . . Things look very bad here now. If you have any lower price on this ranch or will pay a commission on it at $35 per acre let me know. Although it looks to me like it is worth the price you hold it-at."

On July 5, defendants answered, declining to fix a lower price than $35 per acre, at least until plaintiff should procure an offer.

Further correspondence passed between the parties. In a letter to plaintiff, dated August 14, the defendants said:

"In event you could only possibly get a $35 offer on this ranch, it might be that we could adjust some commission with you."

Plaintiff produced a copy of a letter to defendants, dated August 18, in which he informed defendants of his efforts to interest E. T. Anderson in the ranch, and of Anderson's promise to consider it. Defendants denied receiving this letter.

On November 14, Anderson went to Kansas City and dealt directly with the defendants, and purchased the ranch at $35 per acre. Defendants refused plaintiff's demand for a commission, and this action followed. The defendants at first failed to appear, but did so later, and at the same term the default judgment was set aside and a new trial was granted. The jury made special findings and rendered a verdict in plain-

tiff's favor for $1,500. The trial court set the verdict aside, and rendered judgment for plaintiff for $4,863.75, "being the customary commission, as found by the jury, on $193,550, the purchase price of said land."

Defendants appeal, assigning various errors. Plaintiff also appeals, assigning two errors, one of which was based on the setting aside of the judgment on default.

Very few words will dispose of the first assignment under the cross appeal. Within the term at which a judgment has been rendered, the trial court's control of the judgment is discretionary, and if the court believes such judgment to be unjust, it may and should set that judgment aside and grant a new trial. (*Railway Co. v. Berry,* 79 Kan. 19, 98 Pac. 204; *The State v. Langmade,* 101 Kan. 814, 168 Pac. 814.)

Among the errors urged by defendants, the one of most serious consequence relates to the overruling of the demurrer to plaintiff's evidence. What was the evidence to establish the defendant's liability? The defendants listed the ranch for sale at $35 per acre *net* to them. Originally plaintiff was to sell the ranch at some higher figure so as to get his commission out of the excess if he effected a sale. Plaintiff tried to sell the ranch at some higher figure, but he was unsuccessful. Later, the defendants told him that if he got an offer of $35 per acre to send in that offer, and if so, "it might be that we could adjust some commission with you." Not the usual or customary commission, but perhaps *some commission*—such was to be the extent of the defendants' liability, and only then if plaintiff obtained an offer of $35 per acre. Plaintiff never secured an offer of $35 per acre, and never sent in such an offer which afterwards ripened into a sale. True, in his correspondence with defendants he mentioned Anderson as one of his prospects (although defendants deny that fact), but this case does not fall within the ordinary rule that an agent is entitled to his commission when he has procured a buyer who is able, willing, and ready to buy, or who consummates a different contract with the vendor than the one the agent was authorized to make. Here the contract for the commission was specific, the service to be rendered in order to earn the commission was specific. As plainly and frankly as could be set down on paper, the plaintiff was advised that his commission was to come out of whatever excess

he could get above $35 per acre; but if he obtained an offer of $35 per acre, he should send it in and some commission might be adjusted with him.     Plaintiff did not succeed in either undertaking; therefore, he did not earn the commission, either in whole or in part, under his special contract.     (See Note, 139 Am. St. Rep. 225, 232, 247.)

In arriving at this conclusion the court is not unmindful of its long-established, liberal attitude towards the rights of real-estate agents who bring buyer and seller together, whereby a bargain is effected, although not upon the terms originally given to the agent.     (*Ratts v. Shepherd,* 37 Kan. 20, 14 Pac. 496; *Plant v. Thompson,* 42 Kan. 664, 22 Pac. 726; *Grimes v. Emery,* 94 Kan. 701, and citations, 146 Pac. 1135.)     The case before us is circumscribed by the terms of the specific contract under which—and only under which—the defendants were to be obligated (*Fultz v. Wimer,* 34 Kan. 576, 9 Pac. 316); and here, also, there is no element of bad faith on the part of the defendants in dealing independently with Anderson, the purchaser.

The demurrer to plaintiff's evidence should have been sustained, and the other errors assigned need not be considered.

Reversed, and cause remanded with instructions to enter judgment for defendants.