No. 22,339.

S. L. KARR, *Appellee and Appellant,* v. JOHN MOFFETT et al., *Appellants and Appellees.*

Appeal from Chase district court; WILLIAM C. HARRIS, judge.   Opinion denying a rehearing filed February 13, 1920. (For original opinion of reversal see 105 Kan. 692, 185 Pac. 890.)

*W. L. Huggins, O. T. Atherton,* and *R. E. Boynton,* all of Emporia, for the appellants.

*M. B. Nicholson, W. J. Pirtle, Edwin Anderson,* all of Council Grove, and *W. S. Kretsinger,* of Emporia, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The appellee's petition for a rehearing in this case was carefully considered, and a rehearing denied. A motion for permission to file a second petition for a rehearing is now presented, and this may be treated as allowed; and as this motion, with entire propriety, includes and argues the matters of which appellee most urgently complains, they will be briefly dealt with.

Appellee urges that he has not had an opportunity to be heard on the question which this court determined to be decisive of this lawsuit. Appellee sued for an ordinary real-estate dealer's commission, alleging that he had earned it in the usual way. This court held, in substance, that the evidence wholly failed to establish the cause of action which plaintiff had alleged, but on the contrary, that his evidence did show clearly that plaintiff never did have an ordinary contract of agency to sell the defendants' land. His evidence showed that his agency was governed by a special contract, which was later supplemented by a tentative qualification of that special contract.

The proof of existence of the special contract was surely an effective way of disproving that the defendants owed the plaintiff for services under an ordinary real-estate dealer's contract, such as would entitle the agent to the usual commission when he had brought buyer and seller together whereby they consummated a sale on terms agreeable to each other—"when he had been the procuring cause of the sale," as the stock phrasing in such cases is expressed.

If the opinion went further than it needed to go, it was only to show that there could be no recovery on any theory developed by the facts of the case. All the dealings between plaintiff and defendants were in writing; they were strangers personally; and the correspondence was produced by plaintiff to maintain his cause. It not only failed to prove the cause of action he had alleged—an ordinary contract of employment to sell defendants' land or to find them a buyer, but proved beyond peradventure that the contract which he did have was a special contract, with its later tentative qualification—

Karr v. Moffett.

"In event you could only possibly get a $35.00 offer on this ranch, it might be that we could adjust some commission with you."

As plaintiff never had a contract to sell the defendants' land except on terms whereby the price was to be $35.00 per acre net to the owners, with the later qualification of those terms as above quoted, and as he never did get an offer of any sort which afterwards ripened into a sale on any terms, it never became the duty of defendants to "adjust some commission" with the plaintiff.

In arriving at this conclusion the court has adhered strictly to its usual rule of giving the most liberal credence to the evidence of the party who prevailed below, and of disregarding the conflicting evidence which may have been disbelieved by the trial court. That is to say, we give full credence to the correspondence which passed between the parties, and endeavor to read it in the light most favorable to plaintiff. We give full credence to the facts showing plaintiff's efforts to sell the land, including his efforts to interest Anderson, who bought the land from defendants some months later. Now, if plaintiff had proved that he had the usual "free-and-easy" real-estate dealer's contract to sell defendants' land, such as has often been before us (*Grimes v. Emery*, 94 Kan. 701, and citations, 146 Pac. 1135), the plaintiff might have made a case for a jury's determination. That need not be positively decided. But as the plaintiff had no such contract, and his evidence attempting to prove such a contract disclosed a different—a special—contract, and he failed to prove any effective service under that special contract, consequently he failed to establish his cause of action; at the same time he did prove that he had no such cause of action.

A rehearing would serve no purpose, and it is therefore denied.