Briggs v. Bank.

No. 23,796.

## W. A. Briggs et al., *Appellees*, v. The Havana State Bank, *Appellant*.

### SYLLABUS BY THE COURT.

Real-estate Agent—*When Commission is Earned and How Computed on Sale by Owner.* When an agent to sell land at a stated price produces a customer who will not pay the price, but who does buy of the owner at a lower price, the agent is entitled to a commission for his services, computed at a reasonable rate on the price at which the sale was made.

Appeal from Montgomery district court; Joseph W. Holdren, judge. Opinion filed November 4, 1922. Modified and affirmed.

*S. H. Piper,* and *W. B. Grant,* both of Independence, for the appellant.
*Sullivan Lomax,* of Cherryvale, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one for an agent's commission for the sale of real estate. The plaintiffs recovered, and the defendant appeals.

The only important question is whether the following instruction given the jury states the law:

"If you find, from the evidence in this case, that the defendant placed the land described in the plaintiffs' petition in the hands of the plaintiffs for sale, at the stipulated price of $25 per acre; that the defendant agreed to pay plaintiffs the sum of $2 per acre as commission for the sale of said land when sold at said price of $25 per acre; that plaintiffs, acting upon their employment, procured a prospective purchaser for said land, and priced the same to him at $25 per acre; that plaintiffs directed their prospective purchaser to the defendant; that the defendant began negotiations with such prospective purchaser, and sold the land to him at a less price than $25 per acre, without the consent of the plaintiffs; then you are instructed that the plaintiffs are entitled to recover their commission of $2 per acre as stipulated, and your verdict should be for the plaintiffs, for such sum in dollars as will equal two times the number of acres of land in the tract sold, as shown by the evidence; but if you do not so find and so believe, from the evidence, then your verdict should be for the defendant."

It will be observed the jury were required to find certain facts, before returning a verdict computed according to the court's method. Unless those facts were found, the verdict was to be for the defendant. The facts were those which the plaintiffs' evidence tended to establish. The defendant introduced contradictory evidence,

and the controversy over the facts was resolved by the jury in favor of the plaintiffs. The verdict was well sustained by the evidence, which need not be discussed.

There was no evidence that the purchaser was ready, able and willing to pay $25 per acre for the land. Indeed, the purchaser testified he told the officer of the bank who made the sale that he would not pay more than $11,000, the price at which the sale was made. This fact did not preclude recovery of a commission. The agents produced the purchaser, sent him to the owner, and as a result the owner sold the land.

If an agent produce a purchaser ready, able and willing to buy on the terms given the agent, the agent earns the stipulated commission, whether a sale be concluded or not, provided, of course, sale be not prevented through fault of the agent or his customer. If the agent produce a customer not ready, able or willing to buy on the terms given the agent, but producing the customer is the cause of a sale to him by the owner on other terms, the agent is entitled to a commission. These two theories of recovery are distinguished and discussed in the opinion in the case of *Marlatt v. Elliott*, 69 Kan. 477, 77 Pac. 104. In that case the owner sold to a purchaser produced by the agent, at a price less than that at which the land was listed with the agent. The jury returned the following special finding of fact:

"Did the plaintiff, under the contract sued on, bring to the defendant a purchaser who was ready, willing and able to purchase the land of the defendant in accordance with the terms under which plaintiff was authorized to make a sale? Ans. The plaintiff did bring the defendant a purchaser, but purchaser was not ready or willing to pay the price asked for in contract, . . . ." (p. 479.)

The agent recovered judgment for a commission on the sale price, and the judgment was affirmed. The decision was based on earlier ones rendered by this court, and has been cited and approved in many later ones.

The instruction did not require that the vendor have notice that the prospective purchaser was sent by the agents.

In granting the agency and in making the sale, the defendant was represented by its cashier. The land was near Havana, where the bank was located. The plaintiffs resided at Cherryvale, and the purchaser resided at Caney. After employment, the plaintiffs advertised the land for sale at $25 per acre. The purchaser saw the advertisement, and telephoned the plaintiffs about looking at the land. The plaintiffs told him the bank would show the land. The

next day the purchaser called at the bank, the cashier took him to the land, and the sale was quickly negotiated. The cashier repudiated the plaintiffs' agency *in toto*. The plaintiffs not only proved employment, but proved the cashier granted an extension of time in which they might find a purchaser, and the jury believed the plaintiffs. The sale was concluded soon after the extension of time was granted, and it would have been easy for the cashier to surmise that the coming of the purchaser was related to the plaintiffs' agency. The cashier testified he had listed the land with E. R. Brown, and as soon as he contracted to sell the land, he called Brown by telephone "to find out if he had anything coming." Of course, if the cashier anticipated Brown might be entitled to a commission, he was equally aware the plaintiffs might have sent the purchaser to him. The cashier testified that while negotiating with the purchaser he declared the negotiations would stop if a commission were to be paid, and the purchaser said there would be no commission; but the cashier testified that after the contract of sale was signed the purchaser told him of the plaintiffs and of being attracted by the plaintiffs' newspaper advertisement of the land. There was positive testimony on behalf of the plaintiffs that, before the cashier concluded the contract to sell, he knew the purchaser had been sent by the plaintiffs, but was determined to sell at the price the purchaser was willing to give, regardless of liability for a commission. There was no testimony indicating that the plaintiffs concealed the fact that the purchaser was their customer, or were guilty of any unfairness, and the instruction was sufficient and correct, under both the majority and minority opinions in the case of *Grimes v. Emery*, 94 Kan. 701, 146 Pac. 1135.

The defendant cites the case of *Karr v. Moffett*, 105 Kan. 692, 185 Pac. 890. Both the original opinion in that case and the opinion denying a rehearing, *Karr v. Moffett*, 106 Kan. 379, 187 Pac. 683, make it clear the decision is not applicable to the present controversy.

The agreement was that the plaintiffs were to receive a commission of $2 per acre if they found a purchaser who would pay $25 per acre for the land. The instruction did not make it a condition to recovery of the stipulated commission that the purchaser was willing to pay $25 per acre for the land, and would have done so but for the fact the vendor accepted less, and the plaintiffs were permitted to recover precisely as though they had brought about a sale at $25 per acre.

When an agent finds a customer, sends him to the vendor, and the vendor makes a sale at a reduced price, the agent is entitled to a commission. The vendor has appropriated the agent's services, and should pay for them. If the customer was willing to pay the full price at which the land was listed with the agent, the vendor should have secured it, and he cannot defeat recovery of the stipulated commission by accepting less, whatever his motive in doing so. In some instances vendors have voluntarily reduced the price, thinking they might thereby avoid paying a commission. But, speaking concretely, the plaintiffs were not entitled to the full commission of $2 per acre, unless their customer was ready, able and willing to pay $25 per acre for the land. As indicated above, there was no evidence the purchaser was willing to do this, and he testified he was not. Therefore, the instruction was erroneous.

What is the proper measure of compensation when the agent produces a customer who will not pay the listed price, but does buy at a reduced price? The decisions are that the agent's commission should be computed on the price at which the sale was made. (*Ratts v. Shepherd,* 37 Kan. 20, 14 Pac. 496; *Marlatt v. Elliott,* 69 Kan. 477, 77 Pac. 104.)

Expressions are found in the decisions to the effect that the agent is entitled to "the commission," "his commission," etc. In the cases just cited, verdicts applying contract rates of three per cent and two per cent were upheld, but without discussion of rate, and this court has not adjudicated the subject of rate at which commission on the sale price should be computed. On principle, the contract rate is not applicable. The agent is unable to show a sale made according to contract, and the only reason he is allowed to recover anything is that he rendered services beneficial to the vendor. The implied obligation of the benefited vendor is to pay what the agent deserves, and the agent's cause of action is founded on what, at common law, would have been pleaded as *assumpsit* on *quantuum meruit.*

The plaintiffs have had an opportunity to show their customer was willing to pay $25 per acre for the land, and failed to do so. At the oral argument, counsel for both sides admitted the reasonable rate of commission is five per cent of the first thousand dollars and two and one-half per cent of the remainder.

The district court is directed to modify its judgment by awarding the plaintiffs a sum computed at the rates just stated, on the price at which the land was sold. As modified, the judgment is affirmed.