No. 25,543.

OMAR TOPE and J. F. WEAVER, Partners, etc., *Appellees*, v. W. E. NICHOLS and CHARLES SUMMITT, *Appellants*.

### SYLLABUS BY THE COURT.

1. JURISDICTION—*Judgment Exceeding $100—Right of Appeal Not Frustrated by Remittitur of Part After Appeal Taken.* Where a judgment is entered in the trial court for a sum of money in excess of $100, exclusive of costs, an appeal will lie to the supreme court; and the appellee cannot frustrate the aggrieved party's right of appeal by filing a partial remittitur after an appeal was taken.

2. SAME—*Remittitur Filed Too Late to Affect Amount in Controversy.* Plaintiffs recovered judgment from defendants for $104.06. Defendants served notice of appeal. Plaintiffs filed in the trial court a remittitur reducing the judgment to $99.99. *Held,* that the remittitur was filed too late to affect the amount in controversy so far as the right of appeal was concerned.

3. AGENCY—*Contract for Commissions—Commission Earned.* Where agents were employed to dispose of property at a specified price to the owners, and the agents were to receive as their commission all they could get above that price and were to have the exclusive authority to dictate the selling price during the life of their agency, and where the agents produced a prospective buyer with whom the defendant owners closed a bargain for the property in disregard of the rights of the agents, rendering it impossible for them to proceed further with their contract of special agency, the owners were liable to the agents for a commission.

4. SAME—*No Error in Record.* Other errors assigned touching the trial, its incidents and consequences, examined, and not sustained.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed January 10, 1925. Affirmed.

*Charles C. Calkin,* of Kingman, for the appellants.
*S. S. Alexander,* of Kingman, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action for a commission on the sale of a stallion and jack. Plaintiffs' oral contract of employment with defendants provided that plaintiffs could keep as their commission all they could get above $175. Plaintiffs were authorized to dictate the price to any buyer they might obtain. Plaintiffs promptly found a prospective buyer, and he and defendants and plaintiffs discussed various phases of a bargain, but the closing of a contract was postponed for three days, during which time defendants effected a deal

with the same prospective buyer on terms of their own making and without regard to the rights of plaintiffs under their agency employment.

Plaintiffs sued for a commission of $100. Jury trial; special findings; verdict for plaintiffs, and judgment accordingly. Defendants appeal.

After notice of appeal was served on plaintiffs, they filed a remittitur on their judgment, reducing it from $104.06 ($100 and interest) to $99.99, and raise the point that the amount involved in the judgment is insufficient to give this court jurisdiction. (R. S. 60-3303.) But defendants' right to appeal was absolute at the time they gave notice of appeal. Plaintiffs could not strip defendants of that right by the belated filing of a remittitur. This matter seems to be governed by statute in some jurisdictions, but by what seems to be the weight of authority and the better reasoning a waiver or release of a part of the award after judgment is entered is unavailing to defeat the right of appeal. (*Kennedy v. National Bank,* 128 Ia. 561, syl. ¶ 2; *Finch v. Hartpence,* 29 Neb. 368; *Ft. Worth & D. C. Ry. Co. v. Hodge & Speer,* 58 Tex. Civ. App. 540; *N. Y. Elevated Railroad v. Fifth Nat. Bank,* 118 U. S. 608, and Rose's notes thereto in 30 L. Ed. 601; 3 C. J. 423, *et seq.*)

Touching the errors assigned by defendants, it is first argued that plaintiffs' agency was founded on a special contract which would not entitle them to a commission except in compliance therewith. Such is the general rule, of course, but here the conduct of defendants in closing a bargain with the buyer found by plaintiffs prevented plaintiffs from negotiating a contract which would have yielded to defendants their prescribed price and some overplus thereto as a commission for plaintiffs, in strict conformity with their special agency contract. (19 Cyc. 262.) By that contract plaintiffs were given the right to fix the price at which the animals should be sold. While plaintiffs' agency continued defendants had no right to dictate the price nor to take the bargain-making out of their agents' hands.

One who employs an agent to sell his property or to find a buyer must deal with his agent in good faith, otherwise he may be liable for any consequent damages. Here the evidence inherent in the circumstances tended strongly to show bad faith on the part of defendants. On a certain Thursday, April 5, 1923, the contract of agency was made; on Saturday two days later plaintiffs produced Roberts

as a prospective buyer. A contract of purchase and exchange was discussed by the parties that day but not concluded. Roberts asked to defer the matter "until Tuesday"; defendant Nichols agreed to keep the animals "until Tuesday"; Roberts was to come to defendant Nichols' place "Tuesday morning"; on that day they were to "fix the deal up," "one way or the other." The three parties agreed to meet at a neighbor's auction on Tuesday. That day, however, defendants avoided the plaintiffs. Roberts pretended to them that the deal "was off." Nichols told one of the plaintiffs that the deal with Roberts had "blowed up." The truth was that on that same day defendant closed a bargain with Roberts for the sale and exchange of the animals for Roberts' note for $175 and certain cattle valued at $75.

Under such a showing, it is not surprising that the general verdict as well as the controlling special findings were favorable to plaintiffs. But even if there had been no element of bad faith involved, plaintiffs would have been entitled to some commission for their services in procuring a buyer who dealt with the owner on terms other than those prescribed to or dictated by the agents under their special agency contract. (*Briggs v. Bank,* 112 Kan. 161, 210 Pac. 480.) Defendants' conduct rendered it impossible for plaintiffs to proceed further under the terms of their special contract.

The incidental matters urged in this appeal need but brief comment: Fault is found with the instructions. These have been examined and are held to be free from error. The requested instructions were properly denied. Space is devoted to criticism of the jury's special findings. The controlling findings were well supported by the evidence, and particularly by the evidence inherent in the circumstances—often the most persuasive and convincing of all the various sorts of judicial evidence. There was no error in overruling defendants' demurrer to the evidence nor in refusing to direct a verdict for defendants. The contention that plaintiffs abandoned their efforts to negotiate a contract with Roberts cannot be sustained. The pretended shifting of the title to the animals from Nichols to Summitt availed naught against plaintiffs. The right to dispose of the property was in plaintiffs so long as their agency continued. Summitt was a son-in-law of Nichols and was quite familiar with the agency of plaintiffs. He was Nichols' adviser in the trade and his creditor as well, and the animals were being disposed of by Nichols to satisfy a debt owed by him to Summitt. At the auction

on Tuesday, Summitt told plaintiff Weaver, "If you fellows will give me $25, I will put the deal over." Despite the specious testimony for defendants, the more convincing evidence tended to prove that all the maneuvers and statements of both defendants, and of Roberts as well, were purposely and collusively designed to defraud plaintiffs out of their commission.

Neither material error nor miscarriage of justice is apparent in the record, and the judgment is therefore affirmed.