No. 29,044.

FRANK WENKHEIMER, *Appellant*, v. C. S. HAGER, *Appellee.*

(283 Pac. 489.)

Opinion filed January 11, 1930.

*Robert Garvin* and *Evart Garvin*, both of St. John, for the appellant.
*John A. Etling*, of Kinsley, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for a real-estate commission. The defendant prevailed, and plaintiff has appealed.

Plaintiff had formerly been in the real-estate business, but was living on a farm at the time the matters arose which give rise to this controversy. He had known defendant for many years and knew his land. On June 20, 1927, plaintiff and defendant had a conversation in which defendant listed with plaintiff for sale a quarter section of his land. This listing contract was in parol, and the real controversy between the parties was with respect to its terms. It is agreed that defendant asked $11,000 for his land. Plaintiff contended that by the agreement he was to have a $200 commission for finding a buyer for the land, and that he undertook to find a buyer. Defendant contended that the agreement was that plaintiff was to have a commission of $200 if he sold the land for $11,000. Plaintiff talked to several parties about the land and showed it to Vern Hoar, told Hoar who owned it, and priced it to him at $11,000. Hoar declined to buy at that price. Plaintiff never informed defendant that he had talked to Hoar or showed him the land. Later defendant was introduced to Vern Hoar by a mutual friend, and in the conversation told Hoar he desired to sell some land. After some negotiations Hoar bought the land from defendant and paid $10,850 for it. Plaintiff then brought this suit against defendant for $200 commission, alleging that the listing agreement provided that he

was to find a buyer, and that he was the procuring cause of the sale to Hoar. At the trial, by agreement of the parties, the court submitted to the jury three special questions, and the jury was not asked to return a general verdict. The special questions submitted and answers returned by the jury are as follows:

"No. 1. Was the contract of listing that Wenkheimer was to have a commission of two hundred dollars, if he found a purchaser, ready, willing and able to purchase the land in controversy at $11,000? A. No.

"No. 2. Was the contract of listing that Wenkheimer was to have a commission of two hundred dollars, if he sold the land in question for $11,000? A. Yes.

"No. 3. Did Hager have knowledge that Wenkheimer had interested Hoar in the purchase of the land prior to the making of the contract for the sale of the land between Hager and Hoar? A. No."

The court approved the answers to these questions and rendered judgment for defendant. Appellant complains of an instruction given by the court which related to question No. 3 submitted to the jury, in which the court told the jury that the burden was on plaintiff to show that prior to the time defendant made his contract of sale to Hoar that plaintiff had informed him that he had shown the land to Hoar. Appellant contends that ignorance of a broker's service is not a defense, and cites authorities to sustain that view. That is true, of course, if the listing contract was simply that plaintiff was to find a buyer, and the question presented was whether or not the plaintiff was the procuring cause of the sale; but in view of the actual controversy existing, and the submission of the other two questions, it is clear that this was not the purpose of submitting question No. 3. Quite likely the court had the view that even if questions 1 and 2 should be answered as they were answered by the jury, defendant might have been liable to plaintiff for commission had he gone to the person to whom he knew plaintiff was endeavoring to sell the property and had effected the sale by reducing the price. (*Briggs v. Bank*, 112 Kan. 161, 210 Pac. 480.) Unless some theory of that kind was in the mind of the court there was no reason for submitting question No. 3, and of course it could operate to plaintiff's benefit then only in the event plaintiff could show that the defendant knew Hoar to be a prospective purchaser with whom plaintiff was negotiating, and naturally the burden would be on plaintiff to sustain that fact. There was no error in the instruction.

Appellant contends that the court erred in rendering judgment for defendant on the findings of the jury. This contention lacks merit. Where the parties make a special listing agreement, by the

terms of which plaintiff would be entitled to a commission only in a certain event, he must show that the event has occurred. (*Karr v. Moffett*, 105 Kan. 692, 185 Pac. 890; 106 Kan. 379, 187 Pac. 683.) Here the jury found that the listing agreement was that the plaintiff was to have the commission if he sold the land for $11,000. It is conceded by this record that he did not do that, hence there could be but one judgment, and that for the defendant.

The judgment of the court below is affirmed.

JOCHEMS, J., not participating.