No. 34,804

C. J. Dowling, *Appellant,* v. The Wheeler-Kelly-Hagny Trust Company, *Appellee.*

(103 P. 2d 866)

Opinion filed July 6, 1940.

*C. L. Kagey, Hal M. Black* and *L. M. Kagey,* all of Wichita, for the appellant.

*C. H. Brooks, Howard T. Fleeson, Carl G. Tebbe, Wayne Coulson* and *Paul R. Kitch,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Thiele, J.: Plaintiff brought an action to recover a real-estate commission. From a ruling sustaining a demurrer to his petition he appeals to this court.

Omitting portions not now material, the plaintiff's petition alleged that the defendant had exclusive charge of a ranch of 2,080 acres in Dickinson county, owned by a corporation of which defendant was the general agent. On April 25, 1938, defendant addressed a letter to plaintiff advising him he was to have exclusive sale listing of the ranch until notified in writing of withdrawal and to price it in accordance with prior understanding and subject to approval of the owners. Plaintiff commenced efforts to sell the ranch for the agreed price of $84,900, it being agreed he should receive a com-

mission of two and one-half percent of the sale. On May 18, 1938, another contract was entered into between plaintiff and defendant, a copy being attached to the petition. This contract recited the ownership of the land and that the owner had given defendant exclusive right to sell the land and authorized the sale; that plaintiff, as agent of defendant, desired an exclusive listing for ten days from date in which to submit to the owner a contract or contracts for the sale of the ranch, and it was agreed between plaintiff and defendant that the owner had authorized the sale in one tract and without division and that any sale or sales or contract or contracts affecting less than the whole were subject to the express written approval of the owner; that pending contracts and proposals of the plaintiff at a price or prices to the aggregate amount of $84,900 for the entire tract would be recommended by defendant to the owner, but should be subject to acceptance and approval of the owner, and upon approval plaintiff should receive as his full compensation a sum of two and one-half percent of the contract price or the aggregate of the contracts if more than one, and further that no commission should be deemed to have been earned or payable unless and until the contracts which may have been procured by plaintiff had been complied with in full, unless the failure should be by reason of failure of title in the owner. Right was reserved to the owner to approve a contract for less than all, and the defendant agreed to submit to the owner all contracts presented by plaintiff provided bona fide contracts with adequate earnest money deposits had been obtained by plaintiff and deposited with defendant or in some bank. The contract further provided:

"Anything herein to the contrary notwithstanding, it is mutually agreed and understood that the sale of said properties as a whole is subject to sales consideration acceptable to owner, and that the sale of any portion of said ranch less than the whole thereof must first have the written consent of owner. It is the further intent hereby to provide that upon complete performance of any contract or contracts hereafter submitted by agent and which shall have been approved by owner, shall result in earned commission to agent of the percentage of said sales contracts as hereinbefore stated."

The petition further alleged that when the contract was about to expire, plaintiff was orally given an extension so he could have sufficient time to close his deals; that on June 10, 1938, the defendant notified him the land was sold, but on that date he had already procured purchasers for all of the land who were ready, willing and able to purchase the lands for more than $84,900, and the petition contains a list of twelve persons and the lands each would take, the

total of the prices being $84,940; that at the time defendant sold the land it knew that plaintiff had purchasers for the lands, and that contracts had been made and that down payments had been made; that defendant was guilty of a breach of the contract at a time when it knew that plaintiff had performed services in accordance with his contract and by reason thereof defendant was liable to him in the sum of $2,115, for which he prayed judgment.

Appellant directs our attention to cases holding that a real-estate agent has earned his commission when he procures a purchaser ready, willing and able to buy on the seller's terms, and that for that reason he is here entitled to recover. It is to be observed here that plaintiff had a contract which specified the conditions under which he was to receive a commission. He was not to receive any commission until the contracts procured by him had been complied with in full, and any sale of less than all was subject to the express written approval of the owner. There is no allegation that he ever submitted any contract to the owner for approval or that the owner ever approved any contract. Appellant argues that it was the duty of the appellee to submit the contracts to the owner, but there is no allegation he ever tendered or delivered to the defendant any contract or contracts so that they might be submitted to the owner nor that defendant in any way prevented his performance. It was a condition of the contract, stated and restated, that if less than the whole ranch was sold the contracts had to have the express written approval of the owner.

In *Karr v. Moffett*, 105 Kan. 692, 185 Pac. 890, it was held:

"The ordinary rule that a real-estate agent is entitled to his commission when he procures a purchaser who is ready, willing, and able to buy, or when he brings a buyer and seller together, who make a bargain on different terms than those theretofore dictated to the agent, does not apply where the agent's commission is governed by a special contract between him and his principal." (Syl. ¶ 2.)

That rule is applicable and controlling here. (See, also, same case in 106 Kan. 379, 187 Pac. 683, and *Wenkheimer v. Hager*, 129 Kan. 518, 283 Pac. 489.)

The petition pleaded a special agreement for a commission on the sale of real estate. There was no allegation the plaintiff had complied with the terms of the contract. The petition did not state facts sufficient to constitute a cause of action, and the trial court properly sustained the demurrer.

The judgment of the trial court is affirmed.