No. 36,247

FRENCH & SANDERS, a Partnership, and HOMER BARGDILL, *Appellees,*
v. VIRGIL L. TEETER, *Appellant.*

(156 P. 2d 521)

Opinion filed March 10, 1945.

*Frank S. Hodge,* of Hutchinson, argued the cause and *J. N. Tincher, Clyde A. Raleigh* and *J. N. Tincher, Jr.,* all of Hutchinson, were on the briefs for the appellant.

*Erskine Wyman,* of Hutchinson, argued the cause, and *Max Wyman,* of Hutchinson, was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover an agent's commission on a contract for the sale of real estate. Judgment was rendered for the plaintiffs and defendant appeals, his specifications of error covering the overruling of his demurrer to plaintiffs' evidence, direction of a verdict for plaintiffs, and other matters.

Omitting formal parts, the petition alleged that on April 20, 1943, the defendant listed certain real estate, hereafter referred to as the property, for sale with the plaintiffs for the sum of $21,000, the contract being in writing and a copy being made a part of the petition; that the listing was exclusive and provided that whether the sale was effected by plaintiffs or others while the contract was effective, plaintiffs would be entitled to their commission; that they faithfully complied with the contract, advertised the property, made trips to find a purchaser and expended time and money to secure a purchaser, and while the contract was in force defendant sold the property for $20,-000 and by virtue of the contract defendant became liable to plain-

tiffs for a commission of $625 and their demand therefor had been refused. The contract commenced:

"Real Estate Board of Hutchinson, Kansas.

"French & Sanders & Homer Bargdill, Member of the Hutchinson Real Estate Board:

"In consideration of your agreement to list the following property with the Multiple Listing Bureau of the Hutchinson Real Estate Board, and to use your efforts to find a purchaser, I hereby grant you the exclusive right for three months from date hereof, to sell North Half of Section 35 Twp. 25S, Range 7 West, for the sum of $21,000.00, payable as set forth on back of this contract and agreement, or upon any other price, terms or exchange, to which I consent.

"If said property or any part thereof, is sold before the expiration of this agreement by myself or any other person, I agree to pay you a commission . . ."

(setting out the rate of commission.) The contract then makes other provisions not of present importance.

Defendant filed an answer consisting of a general denial, an admission of execution of the contract, and an allegation plaintiffs had not complied in any particular with the agreement, and other allegations which will be later mentioned if need be.

Plaintiffs replied with a denial of matters except as alleged in their petition and an allegation they had complied in every way with the contract.

At the trial, in plaintiffs' opening statement something was said that there was an agreement the property would not be placed on the real estate board. At the conclusion defendant interposed a demurrer and plaintiffs then moved to amend to show that through mutual mistake the contract provided for listing on the board, to which defendant objected. The trial court's comments, set forth in a counter-abstract, indicate it was about to sustain the objection. There is no showing what plaintiffs may have said, but it is then shown the trial court remarked, "Let the record show that the application to amend is withdrawn."

The trial proceeded and at the conclusion of plaintiffs' evidence, defendant demurred and asked for judgment for the reason plaintiffs had failed to prove any cause of action; that the evidence showed the contract had not been complied with by plaintiffs, although they were seeking to enforce it in its strictest terms. This demurrer was overruled and defendant presented his evidence, to which the plaintiffs demurred as not showing any defense. When made, this demurrer was overruled. Then followed defendant's request for per-

mission to amend, which was denied, and plaintiffs' motion for a directed verdict. On the following day plaintiffs renewed their demurrer to defendant's evidence and their motion for a directed verdict in their favor. Defendant also moved for a directed verdict in his favor. The trial court sustained plaintiffs' motion and denied defendant's motion, and the jury was directed to and did find for plaintiffs in the sum of $625 and interest, and judgment was rendered accordingly. Defendant's motion for a new trial was denied and he appealed to this court.

The first specification of error is that the trial court erred in overruling defendant's demurrer to plaintiffs' evidence. The principal contention is the evidence failed to show that plaintiffs had complied with their contract to list the property with the Multiple Listing Bureau of the Hutchinson Real Estate Board, but did show that plaintiffs did not do so.

French, one of the plaintiffs, testified that he was president of the board; that eighteen firms composed the board and that multiple listing has a meaning; that when real property is listed, all the firms have a right to sell the property and the commission for selling is divided between the selling agent and the listing agent. We need not review the evidence as to advertising done by the plaintiffs nor their efforts to sell. Neither are we concerned with evidence tending to contradict the terms of the written contract. Although plaintiffs had asked permission to amend to provide for reformation of the contract with reference to listing the property, they withdrew their motion and the matter stood for decision on the written contract pleaded by them and whether there was performance under it by them warranting a judgment for the full commission prayed for, the defendant having personally sold his property within the contract period. In a summary way it may be said plaintiffs' evidence showed the property was not listed on the multiple listing board.

Under the above evidence, the question arises: What legal results followed plaintiffs' failure to list the property with the Multiple Listing Bureau of the Hutchinson Real Estate Board?

Appellant first contends that under *Isern v. Gordon*, 127 Kan. 296, 273 Pac. 435, plaintiffs are not entitled to recover. In that case it was held that an agent with exclusive agency for a definite period for a definite price, who expends money and time but does not produce a purchaser, is not entitled to recover from the owner who himself sells to a purchaser at greater than the listed price, and that

the agent's remedy is for breach of contract and to recover amounts expended and damages for being deprived of the privilege of finding a buyer. Appellees insist this case is distinguishable for the reason the contract did not provide for payment of commission even though sale was by the owner. Without deciding whether the above cited case is controlling, we pass to appellant's other contentions.

Appellant further contends that the appellees, having breached the contract by failing to list the property, cannot rely on the contract as a basis for recovery of the commission; that the contract was not a general contract where the real estate agent may recover a commission if he procures a purchaser ready, able and willing to buy, but a special contract, where it is incumbent on the plaintiff to prove not only the contract, but strict performance under it, citing *Karr v. Moffett,* 106 Kan. 379, 187 Pac. 683; *Wenkheimer v. Hager,* 129 Kan. 518, 283 Pac. 489, and cases from other jurisdictions.

In support of the trial court's ruling appellees argue that the failure to list the property with the multiple listing bureau was only a partial failure of consideration, and that such partial failure did not terminate the contract or render it unenforceable. They rely on and quote from *Baron v. Lyman,* 136 Kan. 842, 849, 18 P. 2d 137, where it is said, in part:

"There are allegations of the failure to comply with conditions of the contract, but this is seldom, if ever, a ground for rescinding a contract, the remedy being an action for damages. (Citing cases.) . . . Equity will not set aside a contract . . . on the grounds of failure of consideration, unless the failure is so great as to amount to fraud (9 C. J. 1174), which is not contended here."

An examination of that case will show it was an action for specific performance, in which defendant's motion for judgment on the pleadings was sustained. Plaintiff appealed and what is said above is with respect to the plaintiff's contentions that his petition stated a cause of action. We think the rule of that case has no application here.

In the instant case, plaintiffs entered into and rely upon a contract for an exclusive listing of property for a limited time, with the right to sell the property at a fixed price, and giving them a right to a commission whether they or the owner sold the real estate. In order to secure that privilege they agreed to list the property on the Multiple Listing Bureau, where not only the plaintiffs, but seventeen other firms comprising the bureau, would be interested in finding a buyer at the listed price. That listing was a material consideration

and probably was just as valuable as plaintiffs' agreements to use their best efforts to find a purchaser. Plaintiffs are in the position of asserting on the one hand that their failure to list the property with the Multiple Listing Bureau where eighteen real estate firms would be interested in finding a buyer, is of no consequence, but that their ineffective efforts to find a purchaser is of great consequence, and therefore they are entitled to a commission when the other party to the contract found his own purchaser.

Although in *Karr v. Moffett,* and *Wenkheimer v. Hager,* supra, and in *Dowling v. Wheeler-Kelly-Hagny Trust Co.,* 152 Kan. 322, 103 P. 2d 866, the real estate agency contracts involved did not contain provisions for payment of commission where the owner effected his own sale, we think the principle of law set forth in those cases is applicable here. That principle is that in an action to recover on a special contract for an agent's commission on the sale of real estate, the plaintiff must plead and prove he has fully complied with the terms of the contract relied on by him. Applying that principle to the plaintiffs' evidence, it clearly appears that plaintiffs did not fully comply with the contract relied on and may not recover. The trial court erred in ruling on the demurrer.

In view of our conclusions, it is not necessary to discuss the other specifications of error.

The ruling of the trial court on the demurrer is reversed and the cause remanded to the trial court with instructions to sustain the demurrer.