No. 37,610

Owen W. Frogge and Fred Frogge, a copartnership doing business as Frogge Motor Company, *Appellants,* v. B. B. Belford, individually, and B. B. Belford, Mary Belford, L. R. Belford and Amos B. Zimmerman, a copartnership doing business as Belford Motors, *Appellees.*

(211 P. 2d 49)

Opinion filed November 12, 1949.

*Eli Eubanks, Austin M. Cowan, W. A. Kahrs, Robert H. Nelson, Clarence N. Holeman* and *Keith L. Wallis,* all of Wichita, were on the briefs for the appellants.

*Vincent F. Hiebsch,* of Wichita, argued the cause, and *Milton Zacharias, Eugene L. Pirtle, Kenneth H. Hiebsch* and *J. R. Sheedy,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Parker, J.: This is an action to recover damages for breach of contract. The plaintiffs appeal from an order sustaining a demurrer to their evidence and a judgment for costs.

Owen W. Frogge and Fred Frogge, partners, doing business as Frogge Motor Company instituted this lawsuit by the filing of a petition containing two causes of action wherein they charged B. B. Belford, Mary Belford, L. R. Belford and Amos B. Zimmerman, partners, doing business as Belford Motors and engaged in business as general dealers for the sale of DeSoto and Plymouth automobiles, with having entered into an oral associate dealer agreement with them on April 10, 1946, whereby they were granted the exclusive right to sell DeSoto and Plymouth automobiles in Harvey county for an indefinite term of years and promised delivery of forty Plymouths and eighteen DeSotos during the first year of their contract. The pleading also contains allegations detailing other terms and conditions of the alleged agreement which will not be related because they are not essential to a determination of the issue involved on appellate review. In addition it charges Belford Motors breached the contract in its entirety without legal cause or excuse.

The foregoing factual statements apply with equal force to all grounds for relief relied on by plaintiffs in their petition. Those following are only to be found in the particular cause of action to which they are accredited.

In their first cause of action plaintiffs allege that by reason of defendants failure to perform "said oral agreement" they lost their profit on the sale of fifty-eight new Plymouth and DeSoto cars, together with profit on their trade-ins amounting to $500 for each new car or the total sum of $29,000 for one full year and that if there had been performance instead of cancellation of such contract they would have realized a net profit of $10,000 on their service parts department and had a business which would have been worth $25,000 as a going concern. They then assert that by reason of such facts they sustained damages in the amounts stated and pray that they have judgment therefor.

The second cause of action is based on fraud and deceit. Its allegations are to the effect defendants entered into the oral agreement without any intention of performing its terms for the purpose, which was accomplished, of obtaining additional cars from the Chrysler corporation with knowledge that their action in inducing plaintiffs to execute it would cause them to dispose of other business interests and lose the profits therefrom. It then states plaintiffs did dispose of those interests in reliance upon the contract with that result and avers that by reason of defendants' fraudulent conduct they are entitled

to recover actual damages for profits they would otherwise have received from the businesses so disposed of in the sum of $27,000 together with punitive damages amounting to $25,000.

To the petition defendants filed a lengthy answer and cross petition. This pleading is full of allegations which need not be detailed because they pertain to matters of defense and affirmative releif not material to a consideration of the ruling on the demurrer. For present purposes it suffices to state the answer contains a general denial and in addition an express denial of the consummation of any oral contract such as was described in the petition or the completed execution of any agreement whatsoever, either oral or written, and that attached to and made a part thereof are two written instruments, one identified as an "associate dealer agreement" and the other as a "term of purchase agreement" which are alleged to have superseded any oral agreements theretofore existing between the parties if in fact any were entered into or made.

In response to the answer and cross petition plaintiffs filed a reply in which they denied all matters inconsistent with allegations of their petition. Notwithstanding, they expressly admit execution of the "associate dealer agreement" set forth in the answer. However, they allege they were induced to sign it on defendant's promise to deliver forty Plymouth automobiles and eighteen DeSoto automobiles the first year, six of which were to be delivered by June 1, 1946, and assert that such promise was the consideration for the agreement which would not otherwise have been signed by them. This pleading contains a further allegation that defendants renewed this promise after the execution of the agreement.

With pleadings as heretofore described the case came on for trial by jury. Plaintiffs' counsel first made an opening statement in which it was conceded that following oral negotiations relating to an associate dealer contract the parties met on April 10, 1946, to close the deal and on that date executed the two written agreements set forth in the answer. Counsel for the defendants moved for judgment on the pleadings and on the opening statement upon grounds, among others, that at that stage of the proceeding it appeared plaintiffs were attempting to rely upon written agreements for recovery whereas their causes of action were based entirely upon an oral contract. Thereupon the trial court announced that it would delay a ruling on this motion until it came time to rule on a demurrer to plaintiffs' evidence, stating "I will wait and see what the evidence

develops." Plaintiffs then proceeded to adduce evidence in support of their two causes of action. Among other things they offered, and the trial court admitted, the two written agreements heretofore mentioned which, it can be added, the evidence clearly discloses were executed after numerous preliminary negotiations and by their terms purported to include all prior oral agreements between the parties. Indeed the purpose clause of the associate dealer agreement specifically so states. In addition such instrument further expressly provides "This agreement cancels all prior agreements, verbal or written, between direct dealer and associate dealer. No representative of either party except as herein explicitly provided has any authority to waive any of the provisions of this agreement or to modify or to change any of its terms".

As soon as plaintiffs had closed their case defendants attacked the evidence by special demurrers, the grounds of which will not be stated unless and until occasion arises, and by a general demurrer based upon the premise the evidence disclosed that whatever contracts had been entered into between the parties were in writing and therefore failed to establish any cause, or causes, of action founded upon the oral agreement sued on. Plaintiffs resisted these attacks, insisting the testimony established both causes of action set forth in their petition, and at no time requested leave or attempted to amend that pleading to conform to the proof. During argument they did concede, however, there was no evidence to sustain allegations of their first cause of action respecting loss of profits on their service parts department and loss of business as a going concern or allegations of their second cause of action as to punitive damages. Therefore we pause to point out the record discloses that thereafter the trial court treated all such claims as having been abandoned.

After due consideration the trial court sustained all demurrers lodged against the petition. Thereupon plaintiffs perfected the appeal which now gives them the right to have a review of that action.

In their brief appellants, as they did in the court below, insist their evidence establishes an oral contract under the terms of which they were to have an associate dealership at Newton and receive forty Plymouths and eighteen DeSotos from appellees during the first year of that relationship, six of such automobiles to be delivered by June 1, 1946. We believe a review of the record, giving their evidence the benefit of all inferences to which it is entitled on demurrer, will readily disclose their position on this point is not tenable. When

considered in its entirety the clear import of Owen Frogge's own testimony is that after negotiating for several weeks with one of the Belfords regarding the associate dealership he and his brother met with the appellees in Wichita for the purpose of closing the deal and that there, after further negotiations, the parties entered into a written associate dealer contract the terms of which were discussed prior to its execution. Fred Frogge, while testifying as a witness in his own behalf, said "Before the contract was signed we talked about the deal, what it would amount to, how many cars we would get, and all."

From the foregoing evidence we are convinced appellants' own testimony clearly establishes that whatever contract they have with appellees is written, not oral. Of a certainty it brings them squarely within the well established rule adhered to and reapproved in *McKay v. Clark*, 162 Kan. 653, 178 P. 2d 679, where we held:

"When oral conversations or negotiations lead to the execution of a written contract, they are thereby merged into the written instrument, from which the terms of the contract are to be determined." (Syl. ¶ 1.)

Nor does the record reveal a subsequent oral contract as appellants urge. The only evidence on this subject is to be found in one statement by Owen Frogge which reads, "Before I left on April 10, 1946, Mr. Belford still said we would get forty Plymouths and eighteen DeSotos." Clearly this promise by Belford which was without consideration and would have changed the terms of the written agreement did not result in a new contract. Under our decisions (see *Threshing Machine Co. v. Francisco*, 106 Kan. 704, 189 Pac. 981; *Arensman v. Kitch*, 160 Kan. 783, 165 P. 2d 441, and cases there cited) a subsequent oral agreement purporting to change, alter or contradict, a prior written agreement on the same subject must be supported by a fresh and independent consideration. Otherwise it is unenforceable.

Having demonstrated the force and effect of appellants' evidence the question whether the trial court erred in ruling on the demurrer becomes less difficult. It must be remembered this is not a case involving a departure in the pleadings or a variance between the pleadings and the proof but one where appellants base their cause of action for damages entirely upon the breach of an oral contract.

The rule that all matters material or essential to causes of action relied on in a petition must be established by evidence is, of course,

so elementary as to require no citation of the authorities supporting it.

Our recent decision in *Sargent v. Hainke,* 166 Kan. 542, 203 P. 2d 220, illustrates the application of that principle. There we held:

"In an action to recover commissions for the sale of machines manufactured by the defendant in which plaintiff bases his cause of action on a special agreement of employment between the parties he must recover, if at all, upon such contract alleged in his petition, and a demurrer to plaintiff's evidence which falls short of the proof required to make out a prima facie case under such allegations is properly sustained." (Syl.)

And in the opinion said:

". . . In passing on defendant's demurrer the court was bound to consider only the question whether plaintiff's evidence made out a prima facie. case as to the issues set forth in the petition. He must recover, if at all, upon the contract alleged in his petition. Where the parties make a special agreement by the terms of which plaintiff would be entitled to a commission only in a certain event, he must show that the event has occurred. (*Karr v. Moffet,* 105 Kan. 692, 185 Pac. 890, rehearing 106 Kan. 379, 187 Pac. 683; *Wenkeimer v. Hager,* 129 Kan. 518, 283 Pac. 489.)" (p. 548.)

In the situation heretofore outlined, without anything else, we think the foregoing decision warrants a conclusion the trial court's ruling on the demurrer was proper. But that is not all. Express provisions of our statute require it. G. S. 1935, 60-755, provides in effect that there is a failure of proof when the allegations of the claim to which proof is directed is unproved, not in some particular or particulars only, but in its general scope and meaning.

The judgment is affirmed.