(590 P.2d 1100)
No. 49,502

VALLEY, INC., *Appellant,* v. WARD PARKWAY BUILDING COMPANY, INC., *et al., Appellees.*

Opinion filed February 23, 1979.

*J. Roger Hendrix* of Marshall, Hawks, McKinney & Hendrix, of Topeka, for the appellant.

*Arthur E. Palmer* and *Charles R. Hay* of Goodell, Cogswell, Stratton, Edmonds, Palmer & Wright, of Topeka, for the appellee Ward Parkway Building Company, Inc.

Before MEYER, P.J., ABBOTT and SPENCER, JJ.

SPENCER, J.: Plaintiff, a real estate brokerage firm, brought suit to recover a realtor's commission from the sale of real estate owned by defendant Ward Parkway Building Company, Inc. At the close of plaintiff's evidence, the court directed a verdict in favor of Ward Parkway.

The trial court found *Karr v. Moffett,* 105 Kan. 692, 185 Pac. 890 (1919), to be a "bay horse" case and plaintiff argues to the contrary. In *Karr,* which although decided in 1919 remains the law of this state, it is said:

"As plainly and frankly as could be set down on paper, the plaintiff was advised

that his commission was to come out of whatever excess he could get above $35 per acre; but if he obtained an offer of $35 per acre, he should send it in and some commission might be adjusted with him. Plaintiff did not succeed in either undertaking; therefore, he did not earn the commission, either in whole or in part, under his special contract. [Citation omitted.]

"In arriving at this conclusion the court is not unmindful of its long-established, liberal attitude towards the rights of real-estate agents who bring buyer and seller together, whereby a bargain is effected, although not upon the terms originally given to the agent. [Citations omitted.] The case before us is circumscribed by the terms of the specific contract under which—and only under which—the defendants were to be obligated [citation omitted]; and here, also, there is no element of bad faith on the part of the defendants in dealing independently with Anderson, the purchaser." 105 Kan. at 694-695.

Plaintiff points to the variance in facts and suggests that here there is an element of bad faith on the part of Ward Parkway in dealing independently with the purchaser.

Our review of the record reveals an oral, nonexclusive contract entered into between the parties whereby plaintiff was authorized to sell Ward Parkway's warehouse for $1,500,000 net to Ward Parkway. If plaintiff produced a buyer who was ready, willing and able to pay that amount net to Ward Parkway, plaintiff was entitled to a commission. There appears to be no doubt that plaintiff brought the seller and purchaser together, but there is no evidence that the purchaser was ready to pay a price that would net $1,500,000 to Ward Parkway. Therefore, plaintiff did not perform in accordance with the terms of the contract. Plaintiff argues, however, that it was denied the opportunity to perform in that, at the meeting in Wichita on April 30, 1975, the buyer's representatives took seller's agent aside and advised that they would deal directly with the seller. Their offer for the property was considered low but nevertheless sufficient to keep the seller interested in negotiations. It is argued that plaintiff's agent was thereafter excluded from any further involvement in negotiations which ultimately resulted in a sale of the property for $1,450,000.

In light of the decision in *Karr*, it may properly be said that, if a property owner enters into a nonexclusive contract employing a broker, expressly making the broker's commission dependent upon his obtaining a stated price, the right to a commission arises only when the broker produces a buyer who is ready, willing and able to pay that price, even though the owner effects a sale at a lesser price with the buyer produced by the broker, provided the owner has not acted in bad faith.

However, where a broker has met the conditions of his contract entitling him to a commission, his principal may not defeat that right by closing the deal himself on the same or different terms. *Holloway v. Forshee,* 208 Kan. 258, 491 P.2d 556 (1971); *Martin v. Weidman,* 199 Kan. 716, 433 P.2d 459 (1967); *Hanson v. Schletzbaum,* 192 Kan. 265, 387 P.2d 176 (1963). The record before us clearly establishes a special contract, the conditions of which had not been performed by plaintiff. It follows that plaintiff was not entitled to a commission unless Ward Parkway had acted in bad faith. The evidence disclosed that it was the prospective buyer who refused to negotiate through an intermediary and not Ward Parkway. While plaintiff suggests that the exclusion of its agent from negotiations was by reason of the agreement between Ward Parkway and the buyer, it is apparent that Ward Parkway's acquiescence in negotiations without plaintiff was the thing that kept those negotiations underway. Since the agency established in this case was not exclusive, Ward Parkway was privileged to negotiate with the prospect as long as it was done in good faith. Restatement (Second) of Agency § 434 (1957). Aside from any inference which might reasonably be drawn from the fact that the final sale price was only about three and one-third percent short of the $1,500,000 figure specified, there is nothing in the evidence to indicate Ward Parkway did not negotiate in good faith to the end that the sale was for the highest and best price obtainable.

Moreover, in order for plaintiff to establish entitlement to a commission, there must be some showing that, absent interference by Ward Parkway, plaintiff could have realized something in excess of the stated net price. *Wolcott v. Moser,* 364 Mo. 443, 262 S.W.2d 620 (1953); *Smith v. Lewis,* 75 Wyo. 29, 291 P.2d 804 (1955). The record before us is completely void of any such showing.

Plaintiff argues that it was entitled to recover under the theory of quantum meruit.

In *Berry v. Craig,* 76 Kan. 345, 91 Pac. 913 (1907), a realtor sued for a commission alleging both an express contract and quantum meruit. The court stated:

"The two counts were entirely consistent. Neither contradicted the other. The facts stated in the first might be true and the facts stated in the second also might be true. *If an express contract existed, recovery could not be had upon an implied contract;* but to meet possible exigencies of the proof the plaintiff had the right to go to the jury upon both sets of allegations." 76 Kan. at 346; emphasis added.

The evidence clearly establishes the existence of an express contract between plaintiff and Ward Parkway. In *Morgan v. Wheeler,* 153 Kan. 695, 113 P.2d 165 (1941); *Dowling v. Wheeler-Kelly-Hagny Trust Co.,* 152 Kan. 322, 103 P.2d 866 (1940); *Wenkheimer v. Hager,* 129 Kan. 518, 283 Pac. 489 (1930); and in the denial of a motion for rehearing in *Karr v. Moffett,* 106 Kan. 379, 187 Pac. 683 (1920), the court recognized the rule that where a special contract has been proven, the terms of which have not been met, a broker may not avoid the result of his failure to meet the terms of his special contract by suing in quantum meruit.

The record does not disclose bad faith on the part of Ward Parkway in the conduct of negotiations or in excluding plaintiff from those negotiations; nor is there any evidence to establish any likelihood that, if plaintiff had not been excluded, a sale in excess of $1,500,000 as was required by its contract would have resulted. As plaintiff did not perform the terms of the specific contract under which Ward Parkway was to be obligated, the plaintiff may not recover and the case was properly taken from the jury.

Affirmed.